## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-275 |
| | § | C.A. No. C-08-284 |
| MARION KEITH LEWIS, JR. | § | |
| | § | |
|     Defendant/Movant. | § | |

## ORDER FOR RESPONDENT TO ANSWER
## AND ORDER ALLOWING MOVANT TO REPLY

On August 22, 2008, the Clerk received Movant Marion Keith Lewis, Jr.'s ("Lewis") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court construes Lewis' motion as asserting the claims contained in his grounds for relief as well as a claim based on his allegation that he "unintentionally and unknowingly waived his right to appeal, which was dependent upon counsel's advice." (D.E. 27 at 3.)

It is now ORDERED that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. As part of its answer, the government should address the effect of Lewis's waiver of his right to file a § 2255 motion, which was contained in his written plea agreement. (D.E. 16). In particular, the government shall address: (1) whether the record supports the conclusion that the waiver was knowing and voluntary; (2) whether the waiver is enforceable; and (3) whether the waiver precludes Lewis from bringing all of the grounds in his motion. See generally United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

1

If there are claims in his motion that are not barred by the waiver, the United States' response shall address those claims on their merits.

It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2008), Lewis may file a reply not later than thirty days after service of the government's answer.

Ordered this 27th day of August, 2008.

_____
Janis Graham Jack
United States District Judge