**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-07-275 |
| | § | C.A. No. C-08-284 |
| MARION KEITH LEWIS, JR. | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Marion Keith Lewis, Jr.'s ("Lewis") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was received by the Clerk on August 22, 2008. (D.E. 27.) The Court ordered the government to respond (D.E. 28) and the government filed its response and motion for summary judgment, or, in the alternative, to dismiss, on October 22, 2008. (D.E. 35.) Lewis had until November 24, 2008 to file his reply. (See D.E. 28 (giving Lewis 30 days after service of the government's response to reply).) To date, he has not filed a reply.

As discussed in detail herein, Lewis' motion is liberally construed as containing two claims. The first is a claim that he "unintentionally and unknowingly waived his right to appeal" and depended on counsel's advice in doing so. (D.E. 27 at 3.) This claim directly challenges his waiver of § 2255 rights. Although this falls outside the scope of his waiver, this claim fails on its merits, rendering the waiver enforceable. His only other claim is subject to dismissal because he waived his right to file it, and it also fails on its merits. For these reasons, the Court DENIES Lewis' § 2255 motion. Additionally, the Court DENIES him a Certificate of Appealability ("COA").

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

**A.     Summary of Offense**[1]

On February 6, 2007, officers with the Corpus Christi Police Department observed a vehicle with a broken taillight pull out of the Deluxe Inn at 5546 Leopard.  Officers conducted a traffic stop on the vehicle, which had three passengers.  Lewis was the back left passenger.  The driver was arrested for having an invalid license and the front seat passenger and Lewis were placed in a patrol unit pending an inventory of the vehicle.  During the inventory, officers discovered that the backseat was not latched in place.  Officers pulled the back seat forward and located in the trunk a Jimenez Arms, model J.A. 9 semi-automatic pistol, loaded with four rounds of Remington 9 mm ammunition, and also located a black-handled lock-blade knife.  The firearm was located in an area immediately accessible to Lewis and Lewis was the only backseat occupant.  Additionally, the driver and other passenger advised officers that the firearm belonged to Lewis.  Lewis was arrested and stated to officers that they would not locate any fingerprints on the firearm.  No discernable fingerprints were recovered from the firearm.

In a second incident on April 7, 2007, officers with the Texas Department of Public Safety conducted a traffic stop on a vehicle after it failed to yield the right of way by pulling out in front of the patrol unit from a private driveway and failing to signal lane changes.  Officers approached the vehicle and observed the driver make several movements in the area of the center console.  The driver identified himself as Richard Donell Littlefield by presenting officers with a Texas

---

[1] The offense conduct as set forth herein is derived from Paragraphs 4 through 13 of the Presentence Investigation Report ("PSR").

Identification Card. The driver's true identity was later established to be Lewis. When officers requested permission to search the vehicle, Lewis declined. As he was being escorted to the back of the patrol car, he broke free and fled, evading capture. During the chase, he fled across Highway 358 and was nearly struck by a pickup as he crossed the expressway.

Two passengers in the vehicle were arrested for public intoxication. In the center console, officers located cocaine with a net weight of 1.28 grams, a wallet with a Salvation Army Identification Card in Lewis' name and a Jennings Firearm, Model J-22, .22 caliber pistol, loaded with five rounds of ammunition. On a later date, Lewis was recognized by officers after a different vehicle in which he was a passenger was involved in an accident. He was detained and information and photographs were obtained at that time. He was then released pending issuance of an arrest warrant. A criminal records check revealed that Lewis was previously convicted of three felony crimes of violence, i.e. robbery and two counts of aggravated assault.

**B.     Criminal Proceedings**

On May 23, 2007, Lewis was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.E. 1.) On July 10, 2007, Lewis pleaded guilty to the indictment pursuant to a written plea agreement. (D.E. 14, 16.) In exchange for his guilty plea to Count One and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility, and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 16 at ¶ 2.)

The plea agreement included a voluntary waiver of Lewis' right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that 18 U.S.C. § 3742 affords

> a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 16 at ¶ 7) (emphasis in original). The agreement was signed by both Lewis and his counsel, Vincent A. Gonzalez.

At Lewis' rearraignment, the Court specifically questioned Lewis under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his right to file a § 2255 motion. The Court admonished:

> **THE COURT:** ... There is one other right that you are giving up in this plea agreement that I want to go over with you and that is a right to file a motion, a post-conviction remedy. It's also called a writ of habeas corpus or a statutory 2255. Ordinarily you would have had a right to try to file this motion to set aside your, try to set aside your conviction and/or your sentence by challenging such matters as constitutionality, jurisdiction and ineffective assistance of counsel, but if you go forward with this plea agreement today you give up that right as to this case forever. Do you understand that?
>
> **THE DEFENDANT**: Yes, ma'am.

(D.E. 32, Rearraignment Transcript ("R. Tr.") at 11-12.)

Also at the rearraignment, Assistant United States Attorney Julie Hampton summarized Lewis' plea agreement, and included a statement that "The defendant has waived his right to appeal and collaterally attack his sentence, as the Court has previously stated." (R. Tr. at 13.) Immediately following that summary, Lewis testified that the plea agreement was his, that it was the entire agreement, and that it was correct. (R. Tr. at 14.) The Court showed Lewis a written copy of the

4

plea agreement. Lewis testified that the agreement was his, that his signature was on the last page, and that he had read it completely and discussed it completely with his attorney before signing it. (R. Tr. at 14.) It is clear from the foregoing that Lewis' waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR"). (D.E. 17.) The PSR calculated Lewis' base offense level as a 24. (PSR at ¶ 18.) After a three-level credit for acceptance of responsibility, Lewis' total offense level was calculated to be 21. (PSR at ¶¶ 18-28.) When coupled with his criminal history category of VI, his resulting advisory guideline range sentence was a term of imprisonment of 77 to 96 months. (PSR at ¶¶ 82.) Lewis, through counsel, objected to the PSR, to the extent that it suggested that the Court may wish to consider an upward departure in view of the defendant's criminal history. (PSR at ¶ 95; D.E. 22.) In particular, Lewis objected to the Court considering any of the arrests or offenses alleged in paragraphs 30 through 37 and 47 through 64, because in most cases those charges were never filed or they were dismissed. (D.E. 22.)

Sentencing was held on September 12, 2007. (D.E. 24; See generally D.E. 33, Sentencing Transcript ("S. Tr.").)   The government recommended the lowest end of the guideline range, consistent with its obligations in the plea agreement, and Lewis' counsel also asked for a sentence of 77 months, the lowest end of the guideline range. (S. Tr. at 5, 11.) The Court sentenced Lewis to 96 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $ 50 fine and $100 special assessment. (D.E. 24, 25; S. Tr. at 12.) Judgment of conviction and sentence was entered September 18, 2007. (D.E. 25.) Consistent with his waiver of appellate rights, Lewis did not appeal.

Lewis' § 2255 motion was received by the Clerk on August 22, 2008. (D.E. 27.) His motion is timely.

### III. MOVANT'S ALLEGATIONS

Lewis' motion is brief and lacking in detail. Construing the motion liberally, it lists two grounds for relief. First, although he does not list it as a separate ground for relief,[2] Lewis he argues that his waiver of his right to appeal was not intentional and knowing. (D.E. 27 at 3.) Second, Lewis claims that he received ineffective assistance of counsel at sentencing. (D.E. 27 at 4.) Specifically, he argues that counsel should have objected to the PSR's assignment of six criminal history points for his convictions for robbery and aggravated assault. (D.E. 27 at 7.) Lewis contends that, because he was sentenced for those offenses on the same day, and because the sentences imposed for the offenses were ordered to run concurrent, that they should have counted as 3 points, instead of 6. (Id.) Had he only been assessed 3 points for those two convictions, Lewis contends that his criminal history category would have been a level V instead of a level 6, resulting in a guideline range of 70 to 87 months, instead of 77 to 96. (Id.)

The government has moved for summary judgment against Lewis' motion in its entirety on the grounds that it is barred by his waiver of § 2255 rights. In the alternative, the government contends that his motion is subject to dismissal or summary judgment because the record in the case conclusively shows that no relief is appropriate as to his underlying allegations. (D.E. 35 at 5-6, 10.) The government has also provided an affidavit from Lewis' counsel during the underlying proceedings, Vincent Gonzalez. The Court hereby expands the record to include that affidavit.

For the reasons set forth herein, Lewis' claims fail.

---

[2] Lewis raises this allegation in explaining why he did not appeal, not as a separate ground for relief.

## IV. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Lewis has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he validly waived his second claim alleging ineffective assistance of counsel at sentencing, because that claim is unrelated to his plea and barred by his valid waiver of § 2255 rights. See infra Section IV.C.; United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). Even if it were properly before the Court, moreover, the claim fails on its merits. See infra at Section IV.D.

Lewis' first claim, i.e., that he did not knowingly and intentionally waive his right to appeal (which the Court interprets to include his waiver of § 2255 rights, as well), however, falls outside the scope of his § 2255 waiver, because it is a direct challenge to the validity of the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); cf. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering

7

defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.

**B.     Unknowing and Involuntary Waiver**

Lewis' claim that his appellate and § 2255 waivers were unintentional or unknowing is flatly contradicted by the record in this case. The rearraignment transcript clearly establishes that Lewis' guilty plea, including the waiver, was his both knowing and voluntary.

At his rearraignment, Lewis testified that he had had enough time to talk with his attorney, that he had told his attorney everything he knew about the charges against him, that his attorney had answered all of his questions, that his attorney came to see him in jail and took his phone calls, and that he was satisfied with the advice and efforts of his attorney. (R. Tr. at 6.) The Court informed Lewis of the various trial rights available to him, and he testified that he understood that if he pleaded guilty, he would be giving up those trial rights. (R. Tr. at 8-11.)

Consistent with Rule 11, Fed. R. Crim. P., the Court explained to Lewis both the statutory minimum and the maximum punishment that he might receive. Specifically, the Court informed him that he faced a maximum punishment of ten years in prison and a maximum fine of $ 250,000. The Court also informed him that there was a mandatory $100 special assessment, and a maximum term of supervised release of three years. (R. Tr. at 15-16.) Lewis testified that he understood the full range of possible punishment. (R. Tr. at 16.) Lewis further testified that there had not been any other agreements or promises made to him that were not in the written plea agreement, and that no one had promised him leniency or that he would get a motion for downward departure in return for his plea. (R. Tr. at 14.) He testified that no one had forced him in any way to plead guilty and that his decision to plead guilty was entirely voluntary. (R. Tr. at 19.)

Lewis told the Court that his attorney had discussed with him how the Sentencing Guidelines might apply in his case and that he understood that certain facts could increase his sentence. (R. Tr. at 16-19.) He also told the Court that he understood that the guidelines were advisory and that the Court could still impose a higher or a lower sentence than that called for by the guidelines. (R. Tr. at 19.)

As noted previously, the Court also questioned Lewis explicitly regarding his waiver of appellate and § 2255 rights, and Lewis told the Court he understood he was waiving those rights. (See supra pages 4-5; see also R. Tr. at 11-15 (the Court's questions to Lewis regarding his waivers, the Assistant United States Attorney's reference to the waiver in her summation of his agreement, and Lewis' testimony that the summation described his plea agreement.)

Lewis' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Lewis' sworn statements preclude the relief he seeks here. He knew of the charges against him and the potential punishment he faced, and he told the Court his plea was voluntary. He explicitly acknowledged that he was voluntarily waiving his right to appeal and to file a motion pursuant to 28 U.S.C. § 2255.

In short, the rearraignment transcript provides ample evidence to refute his claim that his waiver was not knowing or voluntary. Accordingly, this claim fails, and the Court concludes that Lewis' waiver of § 2255 rights is enforceable. The Court thus turns to the effect of his waiver of § 2255 rights on his remaining claim.

9

## C. Waiver of § 2255 Rights

As noted, it is clear from the rearraignment that Lewis understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, Lewis' statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; Cothran, 302 F.3d at 283-84. Those statements support the Court's conclusion that his wavier was knowing and voluntary.

Lewis' remaining claim is that his counsel was ineffective at sentencing. This claim clearly falls within the scope of his waiver. See White, 307 F.3d at 343-44 (ineffective assistance claims are barred by a valid waiver of § 2255 rights, unless they relate to the validity of the guilty plea or the waiver). In sum, while Lewis' challenge to his waiver is denied on the merits, his remaining allegation falls within the scope of his waiver and is not properly before the Court. For these reasons, Lewis' § 2255 motion is DENIED in its entirety.

## D. Ineffective Assistance of Counsel At Sentencing

Even if Lewis' claim of ineffective assistance of counsel at sentencing were properly before the Court, it would fail on its merits, as discussed herein. That is, Lewis alleges that his counsel was constitutionally ineffective for failing to object to the six criminal history points he received for his convictions for robbery and aggravated assault. (See PSR at ¶¶ 44-45.) Such a claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside

the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). In order to show prejudice as a result of his counsel's alleged ineffectiveness at sentencing, Lewis would have to show that a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). In this case, Lewis cannot establish deficiency or prejudice.

The six criminal history points Lewis received for his robbery and aggravated assault convictions were proper. The robbery conviction arose out of conduct committed by Lewis on July 3, 2000, and Lewis was originally sentenced for the offense on May 16, 2001 to ten years imprisonment, suspended to 10 years probation. (PSR at ¶ 44.) Then, on April 19, 2002, Lewis committed conduct that resulted in his conviction for two counts of aggravated assault. (PSR at ¶ 45.) On May 22, 2002, his probation in the robbery case was revoked and he was sentenced to two years imprisonment. (PSR at ¶ 44.) On the same date, he was also sentenced for the aggravated assault convictions to two years imprisonment on each count, to be served concurrently with each other and with the revocation sentence imposed in the robbery case. (PSR at ¶ 45.)

Lewis' argument that he should have only received three points total for these convictions misunderstands the concept of "related" offenses as set forth in the United States Sentencing

Guidelines. The version of the guidelines applicable to Lewis' sentencing in this case was the 2006 edition. (PSR at ¶ 17.) This was before the 2007 amendments that altered Section 4A1.2.[3] At the time of Lewis' sentencing, comment three to Section 4A1.2 provided that:

> Prior sentences are not considered related if they were for offenses theat were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C)were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2 cmt. n.3; see United States v. Hayes, 532 F.3d 349, 353 & n.3 (5th Cir. 2008) (discussing the pre-amendment version). As to Lewis' two offenses, he was arrested for the first offense (the robbery) on July 13, 2000, prior to committing the aggravated assaults on April 19, 2002. Indeed, the initial sentence in that case was imposed prior to his committing the aggravated assaults. Thus, even though his sentence revoking his probation in the robbery case and his sentences for the aggravated assaults were imposed on the same day, they are not "related" offenses within the plain meaning of Section 4A1.2. They were properly scored as separate offenses, and properly scored 3 points each.

Because there was no valid basis for objecting to the scoring of those two convictions, counsel's failure to challenge those criminal history points does not support an ineffective assistance claim. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel

---

[3] Notably, the result would have been the same even under the amended version of the Guidelines, which provides that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2).

claim because the result of the proceeding would not have been different had the attorney raised the issue.").

For the reasons set forth above, all of Lewis' claims fail and his § 2255 motion is therefore DENIED in its entirety.

### E. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Lewis has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Lewis is not entitled to a COA as to any of his claims.  That is, reasonable jurists could not debate the Court's resolution of his claim challenging his waiver.  Similarly, jurists of reason would not find it debatable that his valid and knowing waiver precludes consideration of his remaining claims or that they fail on their merits.

## V.  CONCLUSION

For the above-stated reasons, Lewis' motion under 28 U.S.C. § 2255 (D.E. 27) is DENIED.  The Court also DENIES Lewis a Certificate of Appealability.

It is so ORDERED this 14th day of January, 2009.

_____
Janis Graham Jack
United States District Judge